UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | **JUDGE RICHARD L. SPEER** |
| Jeffrey T. Links | ) | |
| | ) | Case No. 08-3178 |
| Debtor(s) | ) | |
| | ) | (Related Case: 07-31728) |
| Jeffrey T. Links | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| United States of America | ) | |
| | ) | |
| Defendant(s) | ) | |

### DECISION AND ORDER

This cause is before the Court on the Motion filed by the Plaintiff, Jeffrey Links, entitled "Motion Requesting Judge Speer to Vacate His Decision Made on August 21, 2009 Regarding Plaintiff's 2004 I.R.S. Tax Return." (Doc. No. 42). The decision referenced by this Motion concerns the Court's entry of summary judgment in favor of the Defendant, holding that the 2004 federal tax obligation of the Plaintiff was a nondischargeable debt pursuant to § 523(a)(1)(A) and § 507(a)(8)(A)(i). For the reasons now explained, the Plaintiff's request must be Denied.

### DISCUSSION

By way of his Motion, the Plaintiff requests that this Court vacate its prior decision holding his 2004 federal tax obligation a nondischargeable debt. This position arises from and is based

Jeffrey T. Links v. United States of America
Case No. 08-3178

entirely on a document filed in the Bankruptcy Court for the Northern District of Illinois, Eastern Division in the case of *Rene Sharp v. United States of America*, Case No. 08-27159. In the pertinent document filed with the bankruptcy court in *Rene Sharp v. United States of America*, the defendant, who is also the Defendant in this case, stated that it "will no longer claim that taxes reported on and assessed in accordance with late-filed returns are excepted from discharge under section 523(a)(1)(B)(i)." (Doc. No. 42, attached decision at pg. 2). This provision, 523(a)(1)(B)(i), generally excepts from discharge a tax obligation with respect to a tax for which a return or equivalent was required, but not filed.

Yet, whatever the propriety of the position taken by the defendant in *Rene Sharp v. United States of America*, its approach has no correlation to the finding of nondischargeability made by this Court for the Plaintiff's 2004 tax-year debt. Unlike in *Rene Sharp v. United States of America*, this Court's determination of nondischargeability regarding the Plaintiff's 2004 year tax obligation was not based upon the application of § 523(a)(1)(B)(i). Rather, in the instant case, the Court determined that the Plaintiff's 2004 tax-year debt was a nondischargeable obligation based upon the application of § 523(a)(1)(A) and § 507(a)(8)(A)(i), with these provisions operating together to except from discharge tax liabilities which are less than three years old.

As such, while the dischargeability of a 2004 tax-year debt was at issue in both this case and in the case of *Rene Sharp v. United States of America*, the dissimilar approach taken in each of the respective cases stems entirely from the application of different nondischargeability provisions contained in the Bankruptcy Code, not from a different application of the law. In colloquial terms, the Plaintiff is attempting to compare apples to oranges. In this regard, it must be recognized that bankruptcy law places the burden on the debtor to seek a determination concerning the dischargeability of a tax debt, and that multiple statutory grounds operate to except from discharge prepetition tax obligations incurred by a debtor. *See U.S. v. Comer*, 222 B.R. 555, 561 (E.D. Mich.1998); FED.R.BANK.P. 4007.

Page 2

Jeffrey T. Links v. United States of America
Case No. 08-3178

However, even assuming the Plaintiff's position to be correct, with this Court having wrongly determined that his 2004 tax-year obligation to the Defendant was a nondischargeable debt, does not provide cause to vacate this Court's prior decision holding otherwise. The Plaintiff's Motion to vacate, by asserting that this Court made an improper determination regarding the dischargeability of a particular debt, is necessarily premised on this Court's improper application of the law. Where such an assertion is made, Federal Rule of Civil Procedure 59(e), entitled "Motion to Alter or Amend a Judgment," applies.[1] *See, e.g., Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir.1992). (the purpose of a Rule 59(e) Motion is to correct manifest errors of law or to present newly discovered evidence).

Under Rule 59(e), it is specified that such a motion "must be filed no later than 28 days after the entry of the judgment." However, the Motion filed by the Plaintiff to have this Court vacate its decision entered on August 21, 2009, was not filed until August 19, 2010, almost one year later. As such, the Plaintiff's Motion is not timely, depriving the Court of the authority to consider the merits of the issue.

In conclusion, for both reasons of substance and procedure, the Court will not vacate its decision as entered on August 21, 2009, wherein it determined that the Plaintiff's 2004 tax-year obligation to the Defendant was a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(1)(A) and § 507(a)(8)(A)(i).

---

[1] This Rule is made applicable to this proceeding by Bankruptcy Rule 9023.

Page 3

Jeffrey T. Links v. United States of America
Case No. 08-3178

Accordingly, it is

**ORDERED** that the Motion of Jeffrey Links, entitled "Motion Requesting Judge Speer to Vacate His Decision Made on August 21, 2009 Regarding Plaintiff's 2004 I.R.S. Tax Return," be, and is hereby, DENIED.

Dated: August 27, 2010

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 4